USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gull Keys I LLC,

Plaintiff,

- against –

Fulton Advisory Beef Fund I, LLC; Blake Adams;
Wendell Thuss; and AGEX, Inc.,

Defendants.

Case No. 1:23-cv-09058-MKV

**STIPULATION AND
CONFIDENTIALITY AGREEMENT
AND ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Confidentiality Agreement and Order (the "**Order**") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "**Action**").

1.      All Confidential Information (defined below) produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose.

2.      When used in this Order, the term:

(a)      "**Confidential Information**" shall mean all documents and testimony, and all information contained therein, containing:

(i)      trade secrets or other competitively-sensitive confidential research, development, financial, proprietary, or confidential business information; or

1

(ii)       private or confidential personal information; or

(iii)      information subject to confidentiality obligations owed to third parties; or

(iv)      confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise.

(b)      "**Disclosing Party**" shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

(c)      "**Discovery Material**" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(d)      "**Receiving Party**" shall refer to any party to this Action and any non-party that receives Confidential Information.

(e)      The definitions contained in the Southern District of New York's Local Civil Rule 26.3 are incorporated herein.

3.      The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental disclosures under Federal Rule of Civil Procedure 26(a). A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed on an individual basis by counsel and that there is a good faith basis for such designation that satisfies the criteria set forth in this Order.

4.      Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

(a)      counsel of record in this Action, as well as counsel's employees to whom

it is reasonably necessary to disclose the information in connection with this Action;

(b)      in-house counsel or outside counsel acting in an in-house counsel role, as well as their immediate paralegals and staff;

(c)      officers, directors, and employees of the Receiving Party who authored, received, or are listed in the document or to a maximum of four (4) designated officers, directors, or employees of the Receiving Party, excluding in-house counsel, if any;

(d)      any consultants, experts, or investigators, retained by counsel for a party in this Action, provided that such consultant, expert, or investigator: (i) is not currently or anticipated at the time of retention to become an officer, director, or employee of a Party or of a Party's competitor, and (ii) agrees to be bound by the provisions of this Order by signing a copy of Exhibit A;

(e)      outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(f)      the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(g)      court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action subject to this Protective Order;

(h)      witnesses during their deposition and deposition preparation, provided such person has first executed the agreement attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

(i)    any mediator engaged by the named parties in connection with this Action;

(j)    any officers, directors, or employees shown on the face of the Discovery Material designated Confidential Information who authored, received, or are listed in the document or to a maximum of four (4) designated officers, directors, or employees of the Receiving Party, excluding in-house counsel, if any;

(k)    any other person with prior written consent of the Disclosing Party; and

(l)    any other person if the Receiving Party is permitted to do so after seeking, and receiving, permission from the Court, with prior notice to all parties.

5.    Counsel of record for the Receiving Party must retain each original executed completed agreement attached hereto as Exhibit A and must provide copies to the counsel of record for all other parties (i) when a written request is made by another party based on reasonable need, and (ii) after the termination of this action.

6.    Designation of documents or other material as containing Confidential Information as set forth in this Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL" on each page deemed Confidential in a manner that does not interfere with the legibility of the document. When Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential Information shall be designated as Confidential in writing at the time it is delivered to the Receiving Party.

7.    A Disclosing Party may designate as Confidential any portion of a transcript from a deposition or a transcript from other pretrial or trial proceedings deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end

of the testimony containing Confidential Information ("**Confidential Testimony**") orally at the deposition. Alternatively, the Disclosing Party can designate testimony as Confidential Testimony after the deposition has concluded by letter to the other party no later than thirty (30) calendar days after receipt from the court reporter of the final deposition transcript. During such 30-day period, the parties shall treat the entire transcript as Confidential. In the event the designation of Confidential Testimony is made during the deposition, the reporter shall mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential. In the event the designation of Confidential Testimony is made after the deposition has concluded, the parties shall manually mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

8.      Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner and shall not reveal or discuss such information in any manner, either directly or indirectly, to any person or entity other than outside counsel, as well as the Receiving Party's four (4) designated officers, directors, or employees, any expert consultants, expert investigators, and/or expert witnesses who have signed the agreement attached hereto as Exhibit A.

9.      Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information.

10.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Agreement that is attached hereto as Exhibit A.

11.      If a Receiving Party is served with a subpoena or a motion seeking a court order issued in another litigation or an investigation to compel disclosure of any Confidential Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or motion and all accompanying information; (b) promptly notify in writing the individual or entity who caused the subpoena to issue or filed the motion in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected.

(a)      The Disclosing Party must notify the Receiving Party within seven (7) calendar days of receiving the subpoena or motion and all related information if it intends to seek a protective order from the Court to avoid disclosure of the Confidential Information.

(b)      If the Disclosing Party seeks a protective order, the Receiving Party served with the subpoena or motion shall not produce any Confidential Information before

a determination by the Court from which the subpoena issued or motion is filed, unless the Disclosing Party consents to production in writing.

(c)  The Disclosing Party shall bear the burden and expense of seeking protection of its Confidential Information in the Court that issued the subpoena or in which the motion is pending.

(d)  If the Disclosing Party fails to object or seek a protective order from the Court within fourteen (14) calendar days of receiving the subpoena and motion and all related information, the Receiving Party may produce the Confidential Information requested.

(e)  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

12.  Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party within a reasonable time after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials, or testimony fall within the relevant definition of Confidential Information and the Receiving Party shall notify any non- party to whom disclosure was made about the confidentiality designation. The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

13.  When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection from

disclosure, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

14.    No party shall be obligated to challenge the propriety of a designation of Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Confidential Information under this Order, the objecting party shall notify the Disclosing Party in writing specifying with particularity the documents it contends should be differently designated and the grounds for the objection. Within seven (7) calendar days of receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential Information. If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall submit their dispute to the Court for resolution in accordance with the procedures set forth below. The documents subject to that application will be treated as Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or preventing any party from seeking further protection for any material it produces in discovery. Disputes regarding the propriety of a designation of particular Confidential Information shall be submitted to the Court for resolution as follows:

(a)    Within seven (7) calendar days after the meet and confer, or by such other deadline as may be agreed in writing by the Disclosing Party, the party objecting to the claim of confidentiality shall provide counsel for the Disclosing Party with a draft of a joint letter to the Court which sets forth the objecting party's position regarding the dispute.

(b)    Within seven (7) calendar days after receipt of that draft letter, or by such

other deadlines as may be agreed to in writing by the objecting party, the Disclosing Party shall provide counsel for the objecting party with an insert for that letter in electronic format which sets forth the Disclosing Party's position.

(c)     If the Disclosing Party fails to provide the insert within the time period prescribed in this paragraph, the designation of Confidential Information designations shall be deemed lifted.

(d)     The letter will then be provided to the Court so that it may rule on the challenge to the confidentiality designation. Nothing herein shall be deemed to change the burdens of proof established by applicable law.

15.     Documents may be filed under seal only as provided under Rule 9 of Judge Vyskocil's Individual Rules.

16.     Within sixty (60) calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured, at the Receiving Party's election. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the 60-day deadline that (a) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed, and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

17.    Any non-party producing Confidential Information in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for information. The requesting party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this Action may designate information produced by other parties or non-parties as Confidential as consistent with the terms and provisions of this Order. If additional persons or entities become parties to this Action, such parties shall not have access to Confidential Information produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

18.    If a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

19.    This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Confidential

Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pre-trial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. If that Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

20.    Nothing in this Order or any designation of confidentiality hereunder, or any failure to make or challenge such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

21.    The parties agree that a designation of information as Confidential is not intended to be and shall not be construed as an admission that the Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection from disclosure.

22.    The treatment accorded under this Order shall survive the termination of this Action.

23.    This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

24.    Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon Confidential Information, provided counsel does not disclose such material itself except as provided in this Order.

25.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

[SIGNATURES ON FOLLOWING PAGE]

Dated: October 29, 2024

New York, New York

BLANK ROME LLP

By: */s/ Terry N. Henry*
Terry M. Henry (admitted *pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel. (215) 569-5500
terry.henry@blankrome.com

Avery I. Normyle
1271 Avenue of the Americas
New York, NY  10020
Tel. (212) 885-5000
avery.normyle@blankrome.com

*Attorneys for Plaintiff Gull Keys I LLC*

DAVIS & SANTOS, PLLC

By: */s/ Caroline N. Small*
Caroline N. Small (admitted *pro hac vice*)
Landon Hankins (admitted *pro hac vice*)
719 S. Flores St.
San Antonio, TX 78204
Telephone: (210) 853-8395
csmall@dslawpc.com
lhankins@dslawpc.com

SHER TREMONTE LLP

By: */s/ Michael Tremonte*
Michael Tremonte
Mark E. Cuccaro
Sher Tremonte LLP
90 Broad Street, 23rd Fl.
New York, NY 10004
mtremonte@shertremonte.com
mcuccaro@shertremonte.com

*Attorneys for Defendants Fulton*
*Advisory Beef Fund I LLC, Blake Adams,*
*Wendell Thuss, and AGEX, Inc.*

**SO ORDERED.**

Date: _10/29/2024_
New York, New York

Mary Kay Voskocil
United States District Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gull Keys I LLC,

               Plaintiff,

     v.

Fulton Advisory Beef Fund I, LLC; Blake
Adams; Wendell Thuss; and AGEX Inc.,

              Defendants.

Case No. 1:23-cv-09058 (MKV)

**AGREEMENT TO BE BOUND BY
STIPULATION AND
CONFIDENTIALITY AGREEMENT
AND ORDER**

I,_____, acknowledge and declare that I have received a copy of the Protective Order ("**Order**") in *Gull Keys I LLC v. Fulton Advisory Beef Fund I, LLC et al.,* United States District Court, Southern District of New York, Civil Action No. l:23-cv-09058 (MKV). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual:_____ Present occupation/job description:

_____

_____

_____

Address:

_____

_____       _____
          Date                              Signature